# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JOHN HENRY WOODS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-2383-HEA |
| | ) |
| **ST. LOUIS POLICE DEPARTMENT and UNKNOWN TYSON,** | ) ) |
| | ) |
| Defendants. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of John Henry Woods (registration no. OR105275) for leave to commence this action without payment of the required filing fee. On January 18, 2006, the Court held in abeyance said application because plaintiff had not submitted a certified copy of his inmate trust fund account statement. On January 23, 2006, plaintiff submitted the requisite account statement; accordingly, the Court will now review this action under 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $35.87 and an average monthly account balance of $22.30. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.17, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff states that he was arrested on a charge of burglary and a Department of Corrections hold. He alleges that defendant Tyson, a police officer, had his car towed to teach him a lesson. Plaintiff states that twenty hours after his arrest all charges were dropped. According to plaintiff, family members were unable to retrieve his car from the towing company. Plaintiff states that defendant Tyson informed them that the car was forfeited because of stolen property being found in it. Plaintiff seeks return of his car.

**Discussion**

Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous or fails to state a claim upon which relief can be granted, or both. While plaintiff may have a state-law claim, he has no claim under 42 U.S.C. § 1983, which requires a violation of constitutional rights. *See Kuha v. City of Minnetonka,* 365 F.3d 590, 606 (8th Cir. 2003).

First, the seizure of plaintiff's car did not violate the Fourth Amendment because it was lawful for the police to impound and secure the car pending resolution of the charges against plaintiff. *See, e.g., U. S. v. Belt*, 854 F.2d 1054, 1055 (7th Cir. 1988). Second, the deprivation of property does not violate due process rights under the Fourteenth Amendment if an adequate postdeprivation remedy is available. *Ali v. Ramsdell,* 423 F.3d 810, 814 (8th Cir. 2005) *(citing Hudson v. Palmer*, 468 U.S. 517, 539, 104 S.Ct. 3194 (1984) ("in challenging a property deprivation [under the Fourth Amendment or the Due Process Clause], the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate") (O'Connor, S., concurring). The courts of the State of Missouri afford a postdeprivation remedy in cases such as this, and plaintiff does not allege that such available remedy is inadequate. Third, the

loss of plaintiff's property does not constitute cruel and unusual punishment under the Eighth Amendment. Accordingly, plaintiff's complaint does not survive review under § 1915(e)(2)(B) and should be dismissed at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $7.17 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of subpoenas for witnesses [Doc. 3] be **DENIED** as moot.

**IT IS FURTHER ORDERED** the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 8th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**